OPINION OF THE COURT
Rosalyn H. Richter, J.
The defendant, Donald Payne, is charged with violating *35 section 27-4249 of the Administrative Code of the City of New York, in that on July 24, 25 and 30, 1990, he unlawfully set a fire in public. The summonses were issued when the defendant burned a cloth flag outside the courthouses at 100 and 111 Centre Street.[1]
Section 27-4249 (a) of the Administrative Code provides, in pertinent part: "It shall be unlawful for any person to kindle, build, maintain or use a fire upon any land or wharf property within the jurisdiction of the city of New York”. The defendant argues that the summonses must be dismissed since section 27-4249 is unconstitutional as applied to his conduct on the charged dates. He contends that the issuance of the summonses impermissibly precluded him from exercising his constitutionally protected right to burn the flag as a form of protest. The defendant also argues that section 27-4249 is impermissibly vague and overbroad. The Corporation Counsel’s office, in response, argues that this section of the Administrative Code is facially neutral and is a legitimate public safety measure.[2]
It is beyond dispute that flag burning may be a form of political expression that is entitled to constitutional protection (see, United States v Eichman, 496 US —, 110 L Ed 2d 287 [1990]; Texas v Johnson, 491 US 397 [overturning State convictions for flag burning]). Indeed, the Supreme Court has repeatedly recognized the communicative impact of the flag and its role in expressing different views on national policy. (See, Spence v Washington, 418 US 405 [1974] [flag with peace symbol displayed as a form of protest].)
In Texas v Johnson (supra), the court acknowledged that not all instances of flag burning involve expressive action that implicates First Amendment rights. Rather, the determination of whether a particular act of flag burning is symbolic speech must be determined based on the context in which it occurred. In this case, there is no doubt that the defendant’s act of *36 burning the flag was intended to convey a message and therefore was expressive conduct. The flag burnings at issue here occurred in front of the criminal courthouse during the pendency of the highly publicized Central Park jogger trial. Though the record does not contain much information about the exact circumstances surrounding the defendant’s acts, it appears from the summonses and the motion papers that the defendant was one of the many members of the public who gathered outside the courthouse at various times during this lengthy trial to draw attention to what they saw as inequities in the operation of the criminal justice system. Thus, it is reasonable to conclude that, in this case, the defendant’s conduct in burning the flags was intended to be a form of protest and was " 'sufficiently imbued with elements of communication’ * * * to implicate the First Amendment.” (Texas v Johnson, 491 US, at 406, supra, quoting Spence v Washington, 418 US, at 409, supra.)
The determination that the defendant was engaged in communicative action on the dates at issue here does not end the analysis. Where speech and nonspeech elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. (United States v O’Brien, 391 US 367, 377 [1968].) However, the Supreme Court in Texas v Johnson (491 US, at 407, supra), stated that this more lenient balancing test, which is set forth in O’Brien, should be applied only where the governmental interest in question is unrelated to the suppression of free expression. Where the Government has no legitimate purpose for its action other than the regulation of speech, the statute will be subject to exacting scrutiny.
The court has not found any cases that discuss the purpose of Administrative Code § 27-4249. However, it is reasonable to conclude from the statutory language that the section was adopted as a public safety measure. Indeed, this is the primary purpose noted in the memorandum submitted by the Corporation Counsel. There is no doubt that it is within the legitimate authority of the State to regulate the building and maintaining of fires on city streets. Thus, section 27-4249 of the Administrative Code is not facially invalid since it may, in some cases, support the State’s valid public safety concerns. In this case, there is no proof in the record that the defendant endangered himself or anyone else by burning the flag. The record contains no indication that he waved or placed the *37 burning flag near any property or debris that was especially likely to ignite if any sparks blew.
It is conceivable that the defendant’s actions may have drawn a crowd of onlookers, but this would not necessarily give the police the right to prevent the defendant from continuing to burn the flag. Rather, they could intervene to prevent the defendant from burning the flag only when the defendant’s conduct posed a legitimate threat to public safety. Only 1 of the 3 summonses contains any details that would suggest that the defendant’s acts posed some safety risk (docket No. 90N776473W). The police officer who prepared that summons noted that the defendant set the flag on fire "in close proximity to many people.” The fact that other people may have been on the streets does not necessarily mean that they were endangered by the defendant’s actions. It is doubtful that the burning of a small piece of cloth would create a flame that was large enough to present a genuine risk to pedestrians. Thus, I cannot conclude, based solely on the officer’s brief notation on the summons, that the defendant’s conduct actually threatened the public safety and welfare.
There is also no evidence in the record that the defendant or any passersby were disorderly or that defendant was obstructing vehicular or pedestrian movement. Indeed, the defendant was not charged with being disorderly or with criminal nuisance. Thus, no basis exists to find that the section, as applied to defendant’s conduct, furthered a governmental interest in preventing a public disturbance. Rather, it appears that the primary interest in issuing the instant summonses was to suppress the defendant’s politically charged acts of burning the flag. Under the Supreme Court’s decision in Texas v Johnson (supra), such a purpose is inconsistent with the First Amendment and cannot be used as a basis for a criminal prosecution.
In dismissing the summonses, the court notes that it would be virtually impossible for an individual to exercise his First Amendment right to burn the flag without setting a fire in public. If flag burning is a protected form of expression, individuals must be able to engage in this act in a location where other people are likely to see it. Indeed, it would be illogical to hold that this communication could occur only on private property or on public land when no one else was around. Though the police may have some right to regulate the time, place and manner of a flag burning, they may not *38 prohibit it entirely merely because it occurs on public property.
Employment Div., Dept. of Human Resources v Smith (494 US —, 110 S Ct 1595 [1990]), cited by the Corporation Counsel, is inapposite. In that case, the court held that an individual’s religious beliefs do not excuse compliance with a valid State law prohibiting the use of narcotics. Unlike the flag burning involved here, there was no free speech or communicative aspect to the drug use in Smith. In addition, there was no question that the State had a valid, neutral reason for criminalizing the use of peyote, the illegal drug involved in the Smith case. However, the record here fails to show that the police had a legitimate reason, unrelated to the suppression of expression, for issuing the summonses to the defendant.
The defendant’s arguments, raised in his reply memorandum, that section 27-4249 should be invalidated because it is overbroad and void for vagueness must be rejected. Though the courts have emphasized that criminal statutes affecting the exercise of protected First Amendment rights should be narrowly drawn (see, Gooding v Wilson, 405 US 518, 522 [1972]), where a statute affects both conduct and speech it should not be declared invalid on overbreadth grounds unless the overbreadth is real and substantial. (See, New York v Ferber, 458 US 747 [1982]; Broadrick v Oklahoma, 413 US 601 [1973] .) The impact of section 27-4249 on the exercise of protected expression is relatively limited since most of the fires covered by the statute have no expressive component. Thus, the statute is not substantially overbroad.
Similarly, section 27-4249 should not be dismissed on vagueness grounds. The language of the section is sufficiently clear that it provides notice to the ordinary person of the proscribed conduct and is unlikely to be arbitrarily enforced. (See generally, Hoffman Estates v Flipside, Hoffman Estates, 455 US 489, 503 [1982].) Though the defendant may not have realized that his conduct would fall within the parameters of section 27-4249, this is insufficient to warrant invalidation of the section as void for vagueness. (Supra.)
In sum, the record provides no compelling public safety reason for the issuance of the summonses at issue here. They are therefore dismissed pursuant to CPL 170.35 (1) (c).

. The defendant is also charged, in a separate summons, with having used a sound device without a permit on July 30,1990. That summons is not at issue here.

. In their memorandum of law, the Corporation Counsel also contends that the defendant has not shown that this section is selectively enforced against flag burners. Though the defendant, in his reply memorandum, makes a brief reference to selective enforcement, he is not asking the court to dismiss the summonses based on a claim of discriminatory enforcement. The selective enforcement issues raised in the Corporation Counsel’s memorandum therefore will not be discussed further in this decision.